Appeal by the plaintiff from a judgment entered in Columbia county clerk's office June 28, 1909, dismissing the plaintiff's complaint at the close of the case, upon a trial before the court and a jury.

KELLOGG, J.: This case ·is reported upon a former appeal in 131 Appellate Division, 399, where a judgment in favor of the plaintiff was reversed because the trial court permitted her to swear to conversations with her father, since deceased, from whom the defendant derived title, or who was connected with the title of the defendant to the deposit in question. The. court at the same time ruled that the statements made by the defendant's intestate were receivable in evidence as admissions against her interest. Upon this trial the court excluded ' said alleged admissions made by the defendant's intestate, and also conversations overheard between the plaintiff's intestate and defendant's intestate ·with reference to the ownership of the deposit in question, it standing upon the bank books in the name of both, payable " to either or the survivor." · The manner in which the deposits stood upon the bank books did not in itself determine the absolute title as between the parties in whose name it stood, and a conversation between them upon the subject was clearly admissible. and the admissions by the defendant's intestate with reference to ·the ownership of the fund were also clearly admissible. We are simply holding that the evidence was admissible, and do not consider what weight it may have in the litigation. The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event. All concurred. Judgment reversed and new trial granted, with costs to appellant to abide event.

---

HANNAH M. HALL, Appellant, *v.* ELLEN HALL, Respondent.

*Equity — suit to cancel mortgage — pleading.*

Appeal from a judgment entered in the Fulton county clerk's office July 24, 1908.

Judgment affirmed, with costs, on ·opinion of Van Kirk, J., at Trial Term. All concurred, except Smith, P. J., who voted for modification of the judgment so as to strike therefrom the provision that it is upon the merits.

The following is the opinion delivered at Trial Term:

VAN KIRK, J.: This action was regularly brought on for trial at an adjourned Trial Term of the Supreme Court held in Fulton county. The answer denied no

allegations of the complaint, and the plaintiff rested upon the allegations in the complaint. The defendant put in evidence the bond and mortgage described in the complaint, and the case was submitted to the court. The action is brought to have declared null and void the mortgage described in the complaint and the same discharged from record. The plaintiff has not shown facts sufficient to constitute a cause of action to secure the relief demanded or any relief in equity. The deed of the premises made by the plaintiff to William Yocum and Mary Yocum is acknowledged on the 16th day of November, 1904. The mortgage made by William Yocum and Mary Yocum to the defendant Ellen Hall is dated November 18, 1905, and is acknowledged on the same day. On the 11th day of November, 1907, the complaint alleges that the plaintiff brought an action against William Yocum and Mary Yocum to recover possession of the real property described in the several instruments set forth herein and recovered judgment in her favor against the defendants awarding her complete possession of the property, restoring her to her former estate therein and declaring her the sole owner in fee therein, which judgment was entered in the clerk's office of Fulton county on the 13th day of February, 1908. The defendant Ellen Hall was not a party to that action and consequently is not bound by the judgment or decree. There are no allegations in the complaint showing why the mortgage is void and why it is not a valid lien upon the premises described in the complaint. The defendant is entitled to a judgment dismissing the complaint upon the merits, with costs. A decision may be prepared and presented directing judgment accordingly.